## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Date:                   March 28, 2013

Courtroom Deputy:  Patricia Glover
Court Reporter:     Terri Lindblom
Interpreter:        Kenneth Hoang
Probation Officer:  Gary Kruck

---

**Criminal Action No. 11-cr-00422-REB**

*Parties:*                                      *Counsel:*

UNITED STATES OF AMERICA,                       Mary Jo Menendez

    Plaintiff,

v.

HAI MANH DO,                                    Stephen Alonzi

    Defendant.

---

### SENTENCING MINUTES

---

**9:03 a.m.**   Court in session.

Appearances of counsel.

Defendant is present on bond.

Interpreter is sworn; parties stipulate as to interpreter's qualifications.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

> **IT IS ORDERED** as follows:
>
> 1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;
>
> 2. That the pending motions are resolved as follows:
>
>    Government's Motion to Dismiss Counts One and Two of the Indictment filed on March 12, 2013 **(Doc. #221)** is **GRANTED** ;
>    Government's Motion for Decrease of Acceptance of Responsibility filed on March 12, 2013 **(Doc. #222)** is **GRANTED**;
>    Government's Motion for Downward Departure Pursuant to 5K1.1 filed on March 14, 2013 **(Doc. #225**) is **GRANTED.**
>    Defendant's Motion for Non-Guideline Sentence filed on March 14, 2013 **(Doc. #227)** is **DENIED as moot.**
>
> 3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count 1 of the Information.
>
> 4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **TIME SERVED**;
>
> 5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **four (4) years** effective immediately;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

- all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that the defendant shall make and pay any fine as ordered and required by the court;

    - that at defendant's expense, the defendant shall, unless then indigent, shall undergo a substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release

> all records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;
>
> • that at defendant's expense, the defendant shall be placed on home detention for a period of six (6) months, to commence with 21 days of sentencing; provided, furthermore, that during this time, (1) the defendant shall remain at defendant's place of residence except for employment and other activities approved in advance by the probation department; (2) the defendant shall maintain a telephone at defendant's place of residence without any special services, modems, answering machines, or cordless telephone for the above period; and (3) the defendant shall wear an electronic device and shall observe the rules specified by the probation department;

7. That a fine is imposed in the amount of **$2,500.00** due an payable immediately failing which the fine shall be payable during the term of supervised release in monthly installments of not less than 10 percent of his monthly gross
income as determined periodically by his probation officer.

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $100.00;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are imposed;

10. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

11  Immediately following the conclusion of this sentencing hearing, defendant and his attorney shall confer with the probation officer to schedule an appointment for defendant to read, review and sign the written conditions of supervised release imposed by this court.

Parties state they have no objections to the sentence imposed.

The defendant waives formal advisement of appeal.

**9:44 a.m.    Court in recess.**

Total time in court:   43 minutes.

Hearing concluded.